**Darryl Bernard WATTS, Plaintiff— Appellant,**

v.

**D.L. RUNNELS; et al., Defendants— Appellees.**

No. 07–16891.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Darryl Bernard Watts, Susanville, CA, pro se.

** This disposition is not appropriate for publication and is not precedent except as provid-

John W. Riches, II, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: ALARCÓN, LEAVY and TALLMAN, Circuit Judges.

### MEMORANDUM **

Darryl Bernard Watts, a California state prisoner, appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of the Eighth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment to defendants on Watts' due process claim because he failed to raise a triable issue as to whether the prison lockdown imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The district court properly granted summary judgment to defendants on Watts' Eighth Amendment claim because Watts failed to raise a triable issue as to whether the restriction on outdoor yard privileges during the lockdowns was warranted by disciplinary needs. *See Hoptowit v. Ray,* 682 F.2d 1237, 1259 (9th Cir.1982) (stating that in emergency situa-

ed by 9th Cir. R. 36–3.

tions such as lockdowns, prison officials may restrict outdoor exercise on the basis of disciplinary needs, and courts must give prison officials reasonable leeway in determining the existence of such needs).

 The district court properly determined that defendants were entitled to qualified immunity from Watts' equal protection claim because defendants' conduct did not violate clearly established law. *See Saucier v. Katz,* 533 U.S. 194, 199, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (explaining that for the purposes of qualified immunity the court must consider whether the infringed right was clearly established, and if so, must then "determine if a reasonable officer could have believed, in light of the clearly established law, that his conduct was lawful.").

**AFFIRMED.**